UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**CIVIL ACTION NO. 5:25-CV-201-JHM**

**JOHNNY RAY WALLS-BEY**                                               **PLAINTIFF**

v.

**HON. STEPHANIE PERLOW,** *et al.*                                 **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* 42 U.S.C. § 1983 civil-rights action. Plaintiff Johnny Ray Walls-Bey has filed a motion for leave to proceed *in forma pauperis*. [DN 3]. Upon consideration, **IT IS ORDERED** that the motion [DN 3] is **GRANTED**. Because Plaintiff is proceeding *in forma pauperis*, the Court must review this action pursuant to 28 U.S.C. § 1915(e)(2). Upon review, the Court will dismiss the action.

**I.**

Plaintiff Johnny Ray Walls-Bay sues the following Defendants: Family Court Judge Stephanie Perlow in her official capacity, the Christian Circuit Court, and Alexis Jordan Austin who Plaintiff identifies as the mother of his three minor children. In the complaint, Plaintiff alleges that Defendants committed: "First Amendment Violation: Denial of Access to the Courts, Fourteenth Amendment violation: Due Process Violations, Bad Faith Prosecution, ICWA Violations and Commerce Clause Usurpation, and Treaty Right Violations." [DN 1-1 at 3].

Plaintiff alleges that on October 29, 2025, he filed several critical motions challenging the Christian Circuit Court's jurisdictional authority in *Austin v. Walls-Bey,* Civil Action No. 24-CI-01016. Plaintiff complains, in part, that the state court failed to adhere to the Indian Child Welfare Act's ("ICWA") exclusive tribal jurisdiction provisions. Plaintiff represents that in response,

"Judge Perlow's staff (legal assistant) imposed a new unwritten procedural rule requiring Plaintiff to 'obtain a date' for a hearing before any motion could be filed." [DN 1-1 at 4]. Plaintiff states that he challenged the "new ad hoc rule" by motion and, in direct retaliation to the challenge, on November 7, 2025, Judge Perlow entered a formal order mandating that all future motions must be noticed for a hearing date before filing. [*Id.*]. Plaintiff maintains that this order was entered to specifically block Plaintiff's jurisdictional challenges and deny him access to the court. [DN 1].

As relief, Plaintiff seeks an injunction prohibiting Christian Circuit Court and Judge Perlow from: (1) enforcing the November 7, 2025, Order requiring motions to be noticed for a hearing before filing, (2) enforcing any order requiring Plaintiff's physical appearance in Kentucky, and (3) taking any further action in Case No. 24-CI-01016 pending a hearing. Plaintiff maintains that this extraordinary relief is necessary "to halt a state court proceeding that is not merely jurisdictionally defective but has devolved into a bad-faith campaign to deny Plaintiff his fundamental constitutional right of access to the courts." [DN 7 at 1].

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir.

1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under

color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Christian Circuit Court

Plaintiff sues the Christian Circuit Court. A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Additionally, the Eleventh Amendment to the United States Constitution acts as a bar to all claims for relief against the Commonwealth of Kentucky. "[A] state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its immunity or Congress has expressly abrogated [the] states' immunity." *LeBlanc v. Hagan*, No. 1:16-CV-00178-GNS, 2017 WL 2779490, at *6 (W.D. Ky. June 27, 2017); *see also Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Commonwealth of Kentucky has not waived its immunity. *Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004). Thus, Plaintiff's claims against Christian Circuit Court must be dismissed for failure to state a claim upon which relief may be granted and as barred by the Eleventh Amendment. *See, e.g.*, *McKee v. Fayette Circuit Court*, No. 95-5011, 1995 WL 559331, at *2 (6th Cir. Sept. 20, 1995) (claim against circuit court barred by Eleventh Amendment); *Baltierra v. Fayette Circuit Court*, No. 5:13-398-DCR, 2013 WL 6706002, at *2 n.2 (E.D. Ky. Dec. 18, 2013) ("As a constitutional arm of government, the circuit courts are entitled to Eleventh Amendment immunity.").

### B. Official-Capacity Claim against Defendant Perlow

Plaintiff sues Defendant Perlow in her official capacity and seeks this Court's involvement in an ongoing state family court proceeding. However, *Younger v. Harris* "requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial

proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37, 40–41 (1971)). "The *Younger* abstention doctrine provides that a federal court should abstain from interfering in a state court action when (1) there is an ongoing state judicial proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Graves v. Mahoning Cnty.*, 534 F. App'x 399, 406 (6th Cir. 2013) (citing *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008); *American Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332 (6th Cir. 2007)). All three factors supporting abstention are present in this case. The matters presented in the complaint involve an ongoing family court dispute and implicate important state interests in determining the disposition of that action. *See Zak v. Pilla*, 698 F.2d 800, 801 (6th Cir. 1982); *Izazaga v. Fleming*, No. 5:14-CV-00213-GNS, 2015 WL 1284158, at *3 (W.D. Ky. Mar. 18, 2015). Additionally, there is no indication that the constitutional claims raised by Plaintiff could not be raised in that context. Therefore, the Court concludes that the *Younger* abstention doctrine prevents the Court from providing Plaintiff the relief he seeks.

    C. **Claim against Alexis Austin**

Plaintiff also sues Alexis Austin who is the mother of Plaintiff's three minor children and the petitioner in the state family court proceeding. Defendant Austin is not a state actor for purposes of § 1983. The law is clear that "[a] plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Therefore, Plaintiff's § 1983 claims against Defendant Austin must be dismissed for failure to state a claim upon which relief may be granted.

## IV.

The Court will enter a separate Order dismissing this action consistent with this Memorandum Opinion and Order.

Date: January 9, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.014